# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jezabel Diminico, | Case No. 2:22-cv-01041-RFB-BNW |
| Plaintiff, | **Order** |
| v. | |
| GEICO Casualty Company, | |
| Defendant. | |

Before the Court are two motions. First is Defendant Geico's Motion to Stay Discovery. ECF No. 30. Plaintiff opposed the motion (ECF No. 32), and Defendant replied (ECF No. 34). Next is Defendant's motion to strike. ECF No. 33. Plaintiff opposed the motion (ECF No. 36), and Defendant replied (ECF No. 37).

## I.    Background

This matter arises out of a multi-vehicle automobile accident that occurred in February 2016 in Las Vegas, Nevada. Plaintiff, Jezabel Diminico, is the Special Administrator and heir to the Estate of Francisco Vasquez, III (deceased). Plaintiff alleges that Defendant Geico has been derelict in its handling and/or defense of the underlying complaint against Vasquez and, as such, seeks damages for breach of contract and breach of the implied covenant of good faith and fair dealing.

## II.    Motion to Stay Discovery

### A.    Legal Standard

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good

cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur).

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. *Salazar v. Honest Tea, Inc.*, No. 213CV02318KJMEFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015) ("The Ninth Circuit has not provided guidance on evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, other than affirming that district courts may grant such a motion for good cause."); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("The Ninth Circuit Court of Appeals has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion.").

The Ninth Circuit has, however, identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. See *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."). The Ninth Circuit has also held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (same).

Based on this Ninth Circuit law, district courts in the District of Nevada typically apply a three-part test to determine when discovery may be stayed. See, e.g., *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). This Court will refer to this test as the "preliminary peek

test." The preliminary peek test asks whether (1) the pending motion is potentially dispositive, (2) the potentially dispositive motion can be decided without additional discovery, and (3) after the court takes a "preliminary peek" at the merits of the potentially dispositive motion, it is "convinced" that the plaintiff cannot state a claim for relief. *Id*. at 581. If all three questions are answered affirmatively, the Court may stay discovery. *Id*. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011). Rule 1 provides that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1.

This Court, however, has found the preliminary peek test to be problematic because it is often inaccurate and inefficient.

First, applying the preliminary peek test does not always lead to "accurate results" in which the cases that will ultimately be dismissed are stayed and vice versa. This is so for two primary reasons. In the District of Nevada, a magistrate judge applies the preliminary peek test and decides whether discovery should be stayed; however, a district judge decides the dispositive motion. These judges sometimes have different views on the merits of the dispositive motion, leading to discovery being stayed in some cases it should not have been stayed in and vice versa. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 97 (2012) (identifying same issue).

Additionally, the test requires the magistrate judge to take a "preliminary peek" (i.e., a superficial look) at the dispositive motion and be convinced that the plaintiff cannot state a claim for relief before staying discovery. *Kor Media*, 294 F.R.D. at 583-84 (discovery stay inappropriate when there is only "a possibility" defendant will succeed on its dispositive motion; "[g]enerally, there must be no question in the court's mind that the dispositive motion will prevail . . . ."). When the preliminary peek test is applied as written, it leads to discovery being stayed in only the simplest, legally baseless cases. For most cases, and certainly complex cases, it is impossible for the Court to do a "preliminary peek" and be convinced that the plaintiff cannot

state a claim. This is problematic because complex cases, in which discovery will be extremely costly, are the types of cases where discovery stays may be particularly appropriate while a dispositive motion is pending (to accomplish the goals of Rule 1). Nevertheless, the preliminary peek test, applied as written, leads to most motions to stay discovery being denied. Accordingly, the preliminary peek test is not well-suited for sorting which cases will be dismissed (and thus should have discovery stayed) from those cases that will proceed (and thus should not have discovery stayed).

Second, the preliminary peek test is inefficient. As just explained, if the preliminary peek test is applied as written (i.e., the Court must be convinced after a superficial look at the dispositive motion that the plaintiff cannot state a claim), it often fails to accurately sort those cases that will be dismissed (and should have discovery stayed) from those cases that will proceed (and should not have discovery stayed). To improve the accuracy of the preliminary peek test (and allow discovery stays in cases in which this Court believes the dispositive motion will be granted), this Court has in the past engaged in a full analysis of the dispositive motion. This takes considerable time and delays providing the parties with a decision on the motion to stay discovery. It is also an inefficient use of judicial resources because both the magistrate judge and the district judge fully analyze the same dispositive motion.

And, even after all this effort, the magistrate judge and district judge may still have different views on the merits of the dispositive motion. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 101 (2012) (noting that having two different judges decide the dispositive motion and the motion to stay discovery introduces burden and error into the preliminary peek test). In short, doing a full analysis of the dispositive motion may improve the accuracy of the preliminary peek test but it takes significant time, duplicates effort, delays providing the parties a decision on whether discovery is stayed, and may still lead to discovery being inappropriate stayed or allowed to proceed.

This Court believes a better analytical framework exists for determining when motions to stay should be granted. As the Court previously discussed, the Court may grant motions to stay

discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. See *Alaska Cargo Transp.*, 5 F.3d at 383 (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm*, 509 F.2d at 210 (same); Fed. R. Civ. P. 26(c)(1) (the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). As the Court will discuss in more detail below, good cause may be established using the preliminary peek test, but it may also be established by other factors, not related to the merits of the dispositive motion.

The Ninth Circuit has held that good cause to stay discovery may exist when the movant can convince the Court that plaintiff cannot state a claim. See *Wood*, 644 F.2d at 801 (district court may stay discovery when it is convinced that plaintiff will be unable to state a claim); *B.R.S. Land Invs.*, 596 F.2d at 356 (same). These cases remain valid authority, and litigants may still move for a discovery stay under the preliminary peek test. However, as previously discussed, this will only result in discovery stays in the simplest, legally baseless cases.

That said, good cause may exist based on other factors unrelated to the merits of the dispositive motion. In many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." See Fed. R. Civ. P. 26(c)(1). Accordingly, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. Movants are encouraged to be specific about the realistically anticipated costs of discovery (based on factors such as the complexity of the claim(s) at issue, the number of claims asserted, the number of parties involved in the litigation, the number of witnesses including experts, the volume of documents at issue, etc.).

Non-movants opposing a stay of discovery should discuss their position on these same factors. Additionally, though parties opposing a motion to stay discovery carry no burden to show harm or prejudice if discovery is stayed, they are encouraged to discuss any specific reasons why

a discovery stay would be harmful (e.g., the case is old and evidence is getting stale, a witness is sick and may die before discovery begins, the public has an interest in the speedy resolution of the issues presented, the claimant's resources and ability to wait for a judgment, etc.).

Ultimately, guided by Rule 1 of the Federal Rules of Civil Procedure, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

### B. Analysis

As explained above, this Court looks at the following two factors to determine whether a stay is appropriate: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery.

Here, the pending motion (whether construed as a motion to dismiss or a motion for summary judgment) is potentially dispositive. It does not appear that additional discovery is *needed* before the court can resolve the pending motion. The most compelling fact supporting this proposition is that Plaintiff never requested the ability to pursue additional discovery (not before filing her opposition to the motion to dismiss or during the opposition itself).

Next, this Court turns to good cause. The Court reviewed the parties' briefs on the motion to stay discovery and took a preliminary peek at Defendant's dispositive motion. Having conducted this preliminary peek, the Court is not convinced that Plaintiff will be unable to proceed with the claims Defendant seeks to dismiss. (As discussed above, it is virtually impossible for the Court to be convinced that defendants will succeed on their motions based on a preliminary peek.) The Court will not, however, provide an in-depth analysis of its evaluation of the motions to dismiss.

> The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

*Tradebay*, 278 F.R.D. at 603.

However, the Court finds that Defendant has met the good cause requirement by demonstrating harm or prejudice will result if discovery proceeds now. Defendant alleges, among other things, that the discovery sought will be expensive and burdensome. It explains that the discovery sought will delve into claims-handling for this case and for other, unrelated cases. Plaintiff does not contest this allegation (but does contest the notion that the discovery sought is confidential).

Conversely, Plaintiff will not suffer any harm if discovery is stayed. Although Plaintiff carries no burden to show harm or prejudice if discovery is stayed, he has not discussed at any length why a discovery stay would be harmful (e.g., the case is old and evidence is getting stale, a witness is sick and may die before discovery begins, the public has an interest in the speedy resolution of the issues presented, the claimant's resources and ability to wait for a judgment, etc.).

Ultimately, consistent with Rule 1, this Court finds it would be more just to delay discovery to accomplish the inexpensive determination of the case.

### III. Motion to Strike

Defendant seeks to strike Exhibit 7 to Plaintiff's opposition to Defendant's motion to stay discovery pursuant to Fed. R. Civ. P. 12(f) and 32(a) and Fed. R. Evid. 901. It states that the excerpts of the deposition testimony contained in that exhibit should not be considered for several reasons (e.g., that the excerpts are incomplete).

As a preliminary matter, the Court notes that Rule 12(f) applies to pleadings—not to motions to stay discovery. Similarly, it is not clear whether Rule 32(a) applies in the context of a motion to stay discovery, and Defendant has not provided any points and authorities on this issue. The same goes for Fed. R. Evid. 901.

Nevertheless, this request is, by all measures, moot. The Court granted the motion to stay discovery *despite* the information contained in that exhibit (that is, the analysis does not turn on whether the discovery sought is confidential or not).[1]

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties are to file a joint, proposed discovery plan and scheduling order within 14-days after Defendant's motion to dismiss is decided.

**IT IS FURTHER ORDERED** that Defendant's motion to strike is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the hearing set for November 21, 2022 is **VACATED**.

DATED: November 16, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is not taking a position on whether the discovery that may be sought in this case is confidential or not. Should the confidentiality of certain discovery become an issue in this case, Defendant is free to file an appropriate motion for a protective order or to seal certain information.